# Friel-McLeister, Inc., *v.* Anti-Hydro Waterproofing Company, Appellants.

*Contracts—Agency—Evidence—Case for jury.*

In an action of assumpsit to recover for materials furnished and workmen supplied in connection with a contract for waterproofing. evidence was produced to show that the defendant was engaged in the waterproofing business and had recognized the authority of its agent to make the contract in question; that when the work had proven unsatisfactory notice was given to the defendant company, and that it had agreed to remedy any defects.   Under such circumstances the defense that the agent who had made the contract was a mere sales agent without authority to contract for labor and materials raised an issue of fact for the jury, and a verdict for the plaintiff will be sustained.

Argued October 13, 1922.   Appeal, No. 145, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, Jan. T., 1921, No. 7, on verdict for plaintiff in cast of Friel-McLeister, Inc., v. Anti-Hydro Waterproofing Company.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit for breach of contract.   Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $435.09 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal to direct a verdict for the defendant.

*Edward Davis,* and with him *David D. Goff,* for appellant.

*Earle Hepburn,* for appellee.

OPINION BY KELLER, J., November 20, 1922:

The plaintiff brought this action against the defendant to recover the amount which, it was alleged, the latter had agreed to pay for materials furnished and workmen supplied in connection with its contract for waterproofing the cellar of a newly constructed building. The defendant denied that it was interested in said waterproofing contract and alleged that its business was confined to the manufacture and sale of a waterproofing compound, which, when mixed with water, sand and cement, was applied to walls and floors, but that it did not undertake the work itself; that the person who had contracted with the plaintiff for the furnishing of said labor and materials was only its general sales agent and had no authority to contract in its name for the waterproofing of buildings or for the labor and materials supplied by the plaintiff.

Evidence was produced on the trial from which the jury might find that the defendant was engaged in the waterproofing business and had recognized the authority of its agent to make the contract in question. The bills for the work had come from the home office of the defendant company; when it proved unsatisfactory notice had been given the defendant at its home office, and in response thereto an executive officer of the company had brought some workmen over, bought sand and cement to mix with the waterproofing compound, endeavored to

remedy the trouble and promised to "make it good,"— "we will take care of it."

With such evidence in the record the trial judge was obliged to submit the question of fact to the jury. The order of admission of the evidence to establish the authority of defendant's agent was in the discretion of the court.

The assignments of error are overruled and the judgment is affirmed.